953 F.2d 1383
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Burley OSBORNE, Plaintiff-Appellant,
v.
TRUSTEES OF the UMWA HEALTH & RETIREMENT FUNDS, Defendant-Appellee.
 No. 91-2534.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1992.
Decided Feb. 5, 1992.
As Amended March 5, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Samuel G. Wilson, District Judge. (CA-90-138-A)
 John M. Lamie, Browning, Morefield, Lamie & Sharp, P.C., Abingdon, Va., for appellant.
 Andrea M. St. Martin, Associate General Counsel, Mark W. Kunst, Associate Counsel, UMWA Health & Retirement Funds, Washington, D.C., Charlie R. Jessee, Yeary, Tate, Lowe & Jessee, Abingdon, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Burley Osborne appeals the district court's entry of summary judgment in favor of the Trustees of the United Mine Workers Health & Retirement Funds (Trustees). The district court found no abuse of discretion in the Trustees' decision that Osborne was not entitled to a disability pension under the UMWA 1974 Pension Plan (Plan). After de novo review of the district court's grant of summary judgment, see Farwell v. Un, 902 F.2d 282, 287 (4th Cir.1990), we agree that the Trustees did not abuse their discretion,[1] and we affirm.
 
 
 2
 Article II.C of the Plan sets forth the requirements for disability benefits:
 
 
 3
 A Participant who (a) has at least 10 years of signatory service prior to retirement, and (b) becomes totally disabled as a result of a mine accident ... shall, upon retirement ... be eligible for a pension while so disabled. A Participant shall be considered to be totally disabled only if by reason of such accident such Participant is subsequently determined to be eligible for Social Security Disability Insurance ("SSDI") Benefits under Title II of the Social Security Act or its successor.
 
 
 4
 To qualify under the Plan, the disability must be: proximately caused by the mine accident. That is, if the plaintiff was injured in a mine accident and that injury, whether in combination with a previous or subsequent condition, is substantially responsible for plaintiff's inability to perform his job and for whatever medical and vocational reasons he is unable to perform an alternative job, then his total disability results from a mine accident.
 
 
 5
 Boyd v. Trustees of UMW Health & Retirement Funds, 873 F.2d 57, 59 (4th Cir.1989).
 
 
 6
 Osborne was injured when he was struck by a mine timber on July 14, 1980. His chief injuries were a fractured right scapula and a compression fracture of the T-11 vertebra. He was hospitalized and treated conservatively. Osborne returned to work on October 12, 1980. Subsequently, Osborne complained of continuing pain in his right arm and shoulder, and he received worker's compensation benefits for a five percent permanent loss of the use of his arm.
 
 
 7
 It was also around the time of the mine injury that Osborne's family and personal life began to unravel. His wife and he separated, and she moved away, taking at least one of their children with him. Additionally, a son received a fifteen-year prison sentence, and other children began to cause significant difficulties.
 
 
 8
 Osborne applied for and received SSDI benefits. He was found to be disabled as of September 24, 1982, because of pneumoconiosis, a reduced intellectual functioning with an I.Q. of 69, dysthymic disorder, and generalized anxiety.
 
 
 9
 Osborne subsequently applied for disability pension benefits under the Plan. The Trustees denied benefits initially, on appeal, and a third time because they found that Osborne's disability was not due to the mine injury in 1980. Rather, they concluded, his disability was primarily due to his mental impairments, which were chiefly caused by his family problems, being laid off, and increasing physical ailments, none of which were causally or substantially related to the 1980 accident.
 
 
 10
 Osborne argues on appeal that his case is similar to Boyd and Robertson v. Connors, 848 F.2d 472, 476 (4th Cir.1988), two cases in which this Court overturned the Trustees' decision and directed the award of disability benefits under the Plan. However, a comparison of those cases with Osborne's does not mandate an award of benefits.
 
 
 11
 The most obvious and perhaps compelling difference between Robertson and the present case is that Osborne worked for two years after the mine injury that allegedly disabled him, and the onset date of disability for social security purposes was September 24, 1982, the date he was laid off. In Robertson, by contrast, the social security disability onset date was the date of the mine injury. Robertson v. Connors, 848 F.2d at 475 n. 5. In cases involving claims of disability under the Plan, this Court gives great weight to the date of onset of disability for social security purposes. Richards v. UMWA Health & Retirement Fund, 895 F.2d 133, 138 (4th Cir.1990); see Chicarelli v. UMWA Health & Retirement Funds, 943 F.2d 457, 459 (4th Cir.1991).
 
 
 12
 The social security onset date is not dispositive, however. Robertson v. Connors, 848 F.2d at 475 n. 5. This Court will also examine the record for evidence of the necessary link between the injury and the disability. We found such a link in Boyd, in which the miner was injured and made several attempts to return to work before finally ceasing work because of persistent pain. Her social security disability onset date was the date she worked for the last time. Boyd v. Trustees of UMW Health & Retirement Funds, 873 F.2d at 58, 60.
 
 
 13
 In the present case, however, Osborne did not stop working for medical reasons, but instead because he was laid off. It is true that he complained of shoulder pain after the injury, but he was able to work continuously despite the pain, unlike the situation in Boyd.
 
 
 14
 We focus here on Osborne's disabling impairments for social security purposes, which included dysthymic disorder and anxiety.[2] The question becomes whether his mine injury played a substantial part in the development of these difficulties. The medical evidence is that it did not. Rather, many medical experts did not even mention the 1980 mine accident when evaluating Osborne's significant mental problems. Instead, the experts viewed the mental impairments as stemming primarily from Osborne's considerable and ongoing family problems. His being laid off and subsequent inability to find work, coupled with his many, increasing physical problems[3] are cited as additional contributors to his depression and anxiety.
 
 
 15
 The medical evidence in the record supports the decision of the Trustees. We are unable, after de novo review of the record, to say that Osborne's 1980 "mine injury proximately caused or was substantially responsible for his disability." See Robertson v. Connors, 848 F.2d at 476.
 
 
 16
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The judgment of the district court is affirmed.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Because the UMWA 1974 Pension Plan gives the Trustees power of full and final determination as to eligibility for Plan benefits, the Court reviews their decisions as to eligibility for abuse of discretion. Boyd v. Trustees of UMW Health & Retirement Funds, 873 F.2d 57, 59 (4th Cir.1989)
 
 
 [2]
 Pneumoconiosis and low intellectual functioning were clearly not caused by the 1980 injury
 
 
 [3]
 Physical problems included his shoulder pain, chest pain, pneumoconiosis, gastrointestinal problems, and back pain